IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSE LUIS MAXIMO-MENDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-137 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Came for consideration the "Motion Pursuant to 28 U.S.C. § 2255" filed by petitioner JOSE LUIS MAXIMO-MENDEZ. By his motion, petitioner challenges his 87-month sentence, arguing such sentence is unconstitutional in light of *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and *United States v. Gonzalez-Longoria*, 831 F3d 670 (5th Cir. 2016), *cert. filed*. For the reasons set forth below, petitioner's motion should be DENIED.

I.
PROCEDURAL HISTORY

On December 18, 2013, petitioner MAXIMO-MENDEZ pleaded guilty to the offense of Illegal Re-entry after Deportation (after Commission of a Felony) in violation of 8 U.S.C §§ 1326(a) and (b)(1). A Presentence Report (PSR)[1] prepared in the case assigned a Total Offense Level of 21, which included a 16-level enhancement pursuant to §2L1.2(b)(1)(A)(I) of the United States Sentencing Guidelines based on petitioner's previous deportation after a felony conviction for "a drug

---

[1] The November 1, 2013 edition of the United States Sentencing Guidelines was utilized in preparing the PSR.

trafficking offense for which the sentence imposed exceeded 13 months." On March 18, 2014, the United States District Judge sentenced petitioner to a term of 87 months imprisonment, a sentence within the advisory guideline range of 70 to 87 months, and Judgment was entered.[2]

Petitioner did not directly appeal his conviction to the United States Court of Appeals for the Fifth Circuit. On June 9, 2014, however, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Petitioner did not allege any constitutional deficiencies with his conviction or sentence, nor did he identify any relief he was seeking. Instead, petitioner merely appeared to be advising the Court of his intent to apply for United States citizenship at some point in the future. On July 17, 2014, the Court dismissed petitioner's motion to vacate for failure to state a claim upon which relief could be granted.

On June 28, 2016, petitioner placed the instant motion in the prison mailing system, such petition being received and filed of record on July 1, 2016.[3]

## II.
## ALLEGATIONS AND MERITS

In *Johnson v. United States*, the United States Supreme Court struck as unconstitutionally vague the residual clause of the definition of "violent felony" contained in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), and held that "imposing an increased sentence" under that clause "violates the Constitution's guarantee of due process."[4] Petitioner appears to argue *Johnson*

---

[2]Said sentence to run consecutive to any sentence imposed in the parole revocation in Case No. S-02-3192CR in the 36th Judicial District Court of San Patricio County, Sinton, TX.

[3]A review of the Fifth Circuit online docket shows petitioner did not file an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 18 U.S.C. § 2255 by a Prisoner in Federal Custody in the Fifth Circuit.

[4]The Supreme Court has held the holding in *Johnson* announced a new rule of constitutional law that is retroactive to cases on collateral review. *See Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 1264-65 (April 18, 2016).

applies to his case and renders his sentence unconstitutional.

Petitioner was not sentenced under the ACCA or, more specifically, under the residual clause of the ACCA. Nor was petitioner's sentence enhanced by statute for any "violent felony," "other crime of violence," or any similarly-worded provision that may have been implicated by *Johnson* or its progeny.[5] Petitioner's reliance on *Johnson* is misplaced.

Moreover, petitioner's base offense level was increased under the Guidelines rather than pursuant to statute. Petitioner is thus asserting a challenge to the Guidelines applied to his case at sentencing. The Supreme Court has held the Guidelines are not subject to vagueness challenges under the Due Process Clause because the Guidelines, and their applications to a defendant's sentence by a District Judge, are discretionary rather than mandatory. *Beckles v. United States*, __U.S.__, 137 S.Ct. 886, 891-97, 197 L.Ed.2d 145 (2017). Petitioner's reliance on *Johnson* as a basis for challenging his sentence is unavailing.

In *Gonzalez-Longoria*, the Fifth Circuit held the "crime of violence" definition provided by 18 U.S.C. § 16(b), when incorporated by reference into the definition of "aggravated felony" in §2L1.2(b)(1)(C) of the sentencing guidelines, was <u>not</u> unconstitutionally vague on its face or as applied to defendant Gonzalez-Longoria. The appellate court affirmed the judgment of the district court, noting it declined to invalidate "duly enacted and longstanding legislation by implication." *Gonzalez-Longoria*, 831 F.3d at 678. Even though no statute or guideline provision was struck and the defendant's sentence was affirmed, petitioner argues *Gonzalez-Longoria* applies to his case and in some way renders his sentence unconstitutional.

In *Gonzalez-Longoria*, the court did not provide any relief to the defendant. That case does

---

[5]Again, petitioner's base offense level was increased because he had previously been deported after a felony conviction for a drug trafficking offense for which a sentence imposed exceeded 13 months.

not, and cannot, provide any relief to petitioner MAXIMO-MENDEZ.  Moreover, unlike the defendant in *Gonzalez-Longoria*, petitioner's base offense level was NOT increased under the provision of the guideline that allows for an 8-level increase when previously deported after "a conviction for an aggravated felony" so as to incorporate the "crime of violence" definition in 18 U.S.C. § 16(b).  Consequently, even if *Gonzalez-Longoria* had provided some form of relief to the defendant in that case, the circumstances of the cases are dissimilar and would not raise any of the same issues.  Petitioner's claims are without merit and should be denied.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by petitioner JOSE LUIS MAXIMO-MENDEZ be, in all things, DENIED.

### IV.
### INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO APPEAL

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to the petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 30, 2017.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).